IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID D. RICHARDSON, )
            Petitioner, )
            )
vs. ) Civil Action No. 13-1466
            ) Judge Nora Barry Fischer/
            ) Magistrate Judge Maureen P. Kelly
BRIAN THOMPSON; JOHN E. )
WETZEL; LINDA KELLY, )
            Respondents. )

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Petition purportedly filed pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus (the "Petition"), be dismissed pre-service for failing to state a claim that is cognizable in habeas and/or for being meritless. A certificate of appealability should be denied.

## II. REPORT

### A. Relevant Procedural History

David D. Richardson ("Petitioner") is a prisoner currently incarcerated at the State Correctional Institution in Mercer ("SCI-Mercer"). He is a frequent filer in both the federal and state courts.[1] As a consequence of his litigation activities in state court, he has accumulated three

---

[1] Four years ago, the Court described Petitioner as follows: "David Dewees Richardson ('Plaintiff'), also known variously as Waahid Muslim and Waahid Sabir Muslim, currently incarcerated at SCI-Greensburg, is an experienced pro se litigator, having filed, according to PACER, roughly 18 cases in the Pennsylvania federal district courts under the names of 'David Richardson,' 'David D. Richardson' or 'David Dewees Richardson' and having filed another 13 cases under the names of 'Waahid Muslim' or 'Waahid Sabir Muslim.'" Richardson v. Diehl,

(footnote continued . . .)

strikes under the Pennsylvania version of the Prison Litigation Reform Act, 42 Pa.C.S.A. § 6602(f) ("Section 6602(f)"). Richardson v. Thomas, 964 A.2d 61 (Pa. Cmwlth. 2009) (affirming Common Pleas Court denial of leave to proceed in forma pauperis because Petitioner acquired three strikes in the Pennsylvania state courts).

In the instant Petition, Petitioner seeks to challenge the constitutionality of 42 Pa.C.S.A. § 6602(f) asserting that he "seeks judgment in his favor declaring § 6602(f) unconstitutional in violation of Petitioner's right to due process under the 14th Amendment." ECF No. 1-1 at 1. Because Petitioner's claim is not cognizable in habeas proceedings, the Petition should be dismissed prior to being served for failing to state a claim. Alternatively, the Petition is meritless.

## B. Rule 4 Pre-Service Dismissals

Notwithstanding the fact that the Respondents have not been formally served with process yet, pursuant to Rule 4 of the Rules Governing Section 2254 cases ("Rule 4"),[2] this

---

No. 08-cv-1632 (W.D. Pa. ECF No. 19 at 1 to 2). Since that time, it appears that Petitioner has filed five additional cases under the name "David Richardson" or "David Dewees Richardson" in the federal courts located within the Third Circuit, not counting the present case.

[2] "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Howard v. Haley*, 2001 WL 303534, * 1 (S.D.Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150, * 2 (N.D.Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed." Perez v. Hemingway,157 F.Supp.2d 790 (E.D. Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4). See also Castillo v. Pratt, 162 F.Supp.2d 575 (N.D. Tex. 2001)("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . .").

Court may dismiss the Petition if it plainly appears on its face that the Petitioner is not entitled to relief under habeas. Rule 4 provides in relevant part that:

> The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 state that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.").

In the case at issue, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition should be dismissed pre-service because Petitioner fails to state a claim that is cognizable in federal habeas proceedings.

## C. Discussion

### 1. 42 Pa.C.S.A. § 6602(f) Cannot be Challenged Via a Habeas Petition.

Traditionally, a petition for writ of habeas corpus must seek to challenge the fact or length of confinement.[3] Preiser v. Rodriguez, 411 U.S. 475 (1973); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (in a case where a federal prisoner sought to challenge the conditions of confinement by, inter alia, a petition for writ of habeas corpus, the court rejected the attempt, stating that "[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). Here, Petitioner does not challenge the legality or length of his confinement. Instead, he seeks to challenge the constitutionality of 42 Pa.C.S.A. § 6602(f).

The United States Court of Appeals for the Third Circuit has addressed this issue in Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002) and expounded upon Preiser. In Leamer, the Court of Appeals stated that:

> whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Id. at 542. The Court in Leamer further explained that:

> [w]hen examining whether *Preiser* and its progeny require a claim to be brought under habeas, unless the claim would fall within the "core of habeas" and [consequently] require sooner release if resolved in the plaintiff's favor, a prison

---

[3] 28 U.S.C. § 2241 is simply the codification of the writ of habeas corpus. See In re Dorsainvil 119 F.3d 245, 248 (3d Cir. 1997); Auguste v. Reno, 140 F.3d 1373, 1377 n.9 (11th Cir. 1998) ("a petition for the Great Writ protected by the Constitution, see U.S. Const., art. I, § 9, cl. 2 . . . and codified by 28 U.S.C. § 2241"), *opinion withdrawn and superceded on rehearing on other grounds by*, 152 F.3d 1325 (11th Cir. 1998). Thus, a petition pursuant to Section 2241 is a petition for a "writ of habeas corpus."

> confinement action such as this is properly brought under § 1983. Leamer's claim not only does not fall within the core of habeas; **it would not be properly brought under habeas at all**.

Id. at 544 (emphasis added). Taking these passages in context of the entire opinion, we read the Leamer decision as endorsing the rule that where a state prisoner's claim does not necessarily challenge the fact or length of a judicially imposed sentence such that if the challenge were successful, a speedier release from confinement would occur, then that challenge may not proceed by way of habeas.

Petitioner's challenge to the constitutionality of Section 6602(f) under the Fourteenth Amendment would not necessarily "require sooner release if resolved in the plaintiff's favor [and so] it would not be properly brought under habeas at all." Id. at 544. Accordingly the Petition should be dismissed prior to service for failing to state a claim that is cognizable in habeas.

### 2. The Petition Fails on the Merits.

In the alternative, even if Petitioner could challenge the constitutionality of 42 Pa.C.S.A. § 6602(f), by means of this Petition, the challenge is meritless. Petitioner asserts that the Pennsylvania Constitution gives him a state created liberty interest in access to the state courts, which is violated by 42 Pa. C.S.A. § 6602(f). Furthermore, Petitioner asserts that he is being deprived of this state created liberty interest in access to the state courts by Section 6602(f) in violation of the Fourteenth Amendment. ECF No. 1-2 at 1 to 2.

Petitioner notes that he previously raised this claim before the Pennsylvania Commonwealth Court that the Pennsylvania Constitution provided him the right to access the state courts which Section 6602(f) cannot take away from him and so Section 6602(f) violates the Pennsylvania Constitution. ECF No. 1-1 at 3, ¶¶ 8 to 10. He further concedes that the Commonwealth Court rejected Petitioner's contention as to the meaning of the Pennsylvania

5

Constitution. Id. at ¶ 10. He also concedes that the Pennsylvania Supreme Court affirmed the Commonwealth Court's determination. Id. at ¶ 11.

In order for Petitioner to succeed in federal court, Petitioner would have to establish that the Pennsylvania Constitution does indeed provide him a right of access to the state courts which Section 6602(f) cannot take away from him and thus state law provides him a state created liberty interest protected under the Fourteenth Amendment. Given that the state courts have already rejected this contention as to the meaning of the Pennsylvania Constitution, i.e., the state courts have already rejected the contention that state law confers such an absolute right or liberty interest, Petitioner cannot succeed in the federal courts because federal courts are bound by state courts' interpretation of state law. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (stating that federal courts are bound by a state court's interpretation of state law); Lyda v. Gibson,172 F.3d 879 (Table), 1999 WL 107116, at *1 (10th Cir. 1999) ("No authority is granted to federal courts to correct errors of state law made by state courts."); Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir. 1990) ("Inasmuch as the highest court of Kentucky expressly held that the state trial court did not err in refusing to give the requested lesser included offense instruction, the refusal was necessarily correct as a matter of state law. It would be an extremely rare case in which a federal court could conclude that a state court committed an error under state law. Indeed, if the case has been reviewed by the state's highest court it would be **impossible** to find an error of state law if that court did not.") (quoting Pilon v. Bordenkircher, 593 F.2d 264, 267 n.4 (6th Cir. 1979), *vacated on other grounds*, 444 U.S. 1 (1979))(emphasis added). See also McCormick v. Kline, 572 F.3d 841, 850 (10th Cir. 200) ("Even if Kansas did commit such errors under state law, however-and even if such errors, if corrected, would have meant that § 21-4608(c) did apply to McCormick's 2004 sentencing-it is simply not our province 'to reexamine state-court

determinations on state-law questions,' *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). 'Such an inquiry ... is no part of a federal court's habeas review of a state conviction ..., [because] 'federal habeas corpus relief does not lie for errors of state law.'").

Given that in this case, the Pennsylvania Supreme Court was apparently provided the same argument by Petitioner, which he raises herein, in his appeal of the Commonwealth Court's denial of relief to Petitioner, we may not, consistent with principles of dual sovereignty and federal jurisdiction, hold, contrary to the Pennsylvania Supreme Court, the final arbiter of the meaning of the Pennsylvania Constitution, that Pennsylvania state law gave Petitioner an absolute right of access to the state courts notwithstanding his three strikes and consequently, provided Petitioner a state created liberty interest, and that Section 6602(f) violates the Pennsylvania Constitution and, consequently, the Fourteenth Amendment.[4]  Because we know that state law creates no such right in Petitioner, he cannot have a state created liberty interest under the Fourteenth Amendment which is allegedly being denied him.

---

[4] This is true notwithstanding Petitioner asserts that the state courts did not address one of the clauses of the Pennsylvania Constitution that he raised in the state courts, namely, Article 1, Section 25 of the Pennsylvania Constitution.  ECF No. 1-1 at 3, ¶ 13.  Either Petitioner raised his argument under Article 1, Section 25 to the Pennsylvania Supreme Court, which presumably rejected it, when the Pennsylvania Supreme Court issued its one sentence per curiam order, Richardson v. Commonwealth, 73 A.3d 575 (Pa. 2013), affirming the Commonwealth Court, which then binds this Court, or Petitioner did not raise Article 1, Section 25 in his appeal to the Pennsylvania Supreme Court.  If he did not, then Petitioner has failed to exhaust his state court remedies with respect to the meaning of this particular clause of the Pennsylvania State Constitution, a necessary precondition to establishing that Article 1, Section 25 created a state derived liberty interest for purposes of the Fourteenth Amendment, and consequently he failed to exhaust his state court remedies with respect to the claim that that Section 6602(f) deprived him of this state derived liberty interest in violation of the Fourteenth Amendment.  In either case, it would be appropriate to deny Petitioner relief.  See, e.g., Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (the requirement to exhaust state court remedies applies to habeas petitions filed under Section 2241).

### D. Certificate of Appealability

A certificate of appealability ("COA") should be denied because jurists of reason would not find the foregoing analysis debatable. Brian Means, Federal Habeas Manual § 12:74 (2013), available at Westlaw FEDHABMAN, ("The COA requirement applies even if the petition was filed pursuant to § 2241").

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed before being served because Petitioner has failed to state a claim that is cognizable in habeas and/or because he cannot establish a state created liberty interest in light of the state courts' rejection of his contention that the Pennsylvania Constitution provides him a right of access to the courts and that 42 Pa. C.S.A. § 6602(f) violates that right.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: December 11, 2013

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Nora Barry Fischer
United States District Judge

DAVID D. RICHARDSON
GR-6900
S.C.I. Mercer
801 Butler Pike
Mercer, PA 16137