IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID D. RICHARDSON,<br>　　　　　　　Petitioner,<br><br>　vs.<br><br><br>BRIAN THOMPSON; JOHN E.<br>WETZEL; LINDA KELLY,<br>　　　　　　　Respondents. | Civil Action No. 13-1466<br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

The above-captioned pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (the "Petition") was received by the Clerk of Court on October 9, 2013, and was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 3, filed on December 11, 2013, recommended that the Petition be dismissed prior to service because Petitioner failed to state a claim that was cognizable in habeas proceedings or because the claim raised therein was meritless. Service of the Report was made on the Petitioner at his address of record. Petitioner was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a specific period of time in which to file her objections. Petitioner filed Objections, ECF No. 6, and a Memorandum of Law in Support of the Objections. ECF No. 7.

Nothing in those Objections merits rejection of the Report or extended comment. Petitioner cites Albers v. Ralston, 665 F.2d 812 (8th Cir. 1981) and Knell v. Bensinger, 522 F.2d

720 (7th Cir. 1975), ECF No. 7 at 3, for the proposition that he can use a habeas petition to challenge the conditions of his confinement and make a claim even if success in the claim would not necessarily result in his sooner release. First, those cases are not binding on this Court, whereas the case of Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002), cited in the Report is binding and persuasive for the proposition that Petitioner cannot do so. Secondly, with the advent of the Anti-terrorism and Effective Death Penalty Act (AEDPA) and the Prisoner Litigation Reform Act (PLRA) and the significant consequences attached by those laws to habeas petitions and civil rights actions, the question left open in Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979) must be answered, and it is now necessary to draw definitive lines between habeas and civil rights actions. See Walker v. O'Brien, 216 F.3d 626, 636-37 (7th Cir. 2000) ("courts have reviewed carefully the legislative history of both the PLRA and AEDPA and have concluded that it supports a clear line between civil actions attacking conditions of confinement (subject to the PLRA) and habeas corpus petitions attacking the fact or duration of confinement (subject to the rules governing habeas corpus)."), cert. denied sub nom., Hanks v. Finfrock 531 U.S. 1029 (2000). Thus, even though there is Supreme Court precedent permitting state prisoners to proceed by way of habeas to challenge the conditions of their confinement, see, e.g., Johnson v. Avery, 393 U.S. 483, 485-87 (1969) and Ex Parte Hull, 312 U.S. 546, 547-549 (1941), those cases were decided before AEDPA and the PLRA and the distinctions and consequences were not as significant as today. More importantly though, the Supreme Court itself suggested that the question is an open one for the Supreme Court in Bell v. Wolfish, notwithstanding Johnson v. Avery, and Ex parte Hull. Lastly, we find Leamer's reiteration of the rule in Long v. Parker, 390 F.2d 816, 818 (3d Cir. 1968) ("[t]raditionally, the writ of habeas corpus has functioned to test the legality of confinement rather than the manner in which the

detention is administered. Thus habeas corpus is not a proper proceeding to investigate complaints by prisoners of mistreatment since such complaints do not attack the legality of the confinement."), essentially settles the issue for this Circuit at least insofar as state prisoners are concerned. None of Petitioner's other objections bears mentioning. Hence, his objections are OVERRULED.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 8th day of January, 2014,

IT IS HEREBY ORDERED that the Petition is dismissed pre-service because Petitioner has failed to state a claim that is cognizable in habeas or, alternatively, the claim he makes is meritless. All pending motions are denied as MOOT.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 3, filed on December 11, 2013, by Magistrate Judge Kelly, is adopted as the opinion of the Court. A certificate of appealability is DENIED as jurists of reason would not disagree with the procedural holding that Petitioner has failed to exhaust her state court remedies.

The Clerk is to mark the case closed.

s/Nora Barry Fischer
Nora Barry Fischer
U.S. District Judge

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

DAVID D. RICHARDSON
GR-6900
S.C.I. Mercer
801 Butler Pike
Mercer, PA 16137